DOWNEY, Judge.
On November 15, 1989, the trial court ordered appellant to pay to appellee $7,975.98 in past due alimony by December 15, 1989, or suffer incarceration. On February 1, 1990, based upon the nonpayment affidavit of appellee, the court entered another order commanding the clerk of the circuit court to issue a writ of bodily attachment for appellant for delivery to the sheriff and directing the sheriff to bring the body of appellant before the court as expeditiously as possible. This order contained a provision for purging the contempt by payment of the amount owed.
On February 8, 1990, appellant was served with a notice of levy by the Internal Revenue Service purporting to levy on appellant’s property and specifically “alimony payable to Judith Orr, and any other funds due to the above individual.” On February 12, 1990, appellant gave the Internal Revenue Service a check for $7,975.98 with the legend thereon “Behalf of Judith M. Orr S.S. # 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-59-1124603.” The *368clerk of the court issued the writ of bodily attachment on February 16, 1990.
Appellant then filed a second emergency motion to dissolve the writ of bodily attachment, alleging that he had complied with the purge provision of the order of February 1, 1990, in view of his payment to the Internal Revenue Service on behalf of ap-pellee and because of the levy served upon him by the Internal Revenue Service. The motion was denied on March 7, 1990, and this appeal was filed April 5, 1990. Appellant also filed a complaint in interpleader in the United States District Court for the Southern District of Florida on March 7, 1990, setting forth the order of the circuit court to pay appellee the $7,975.98 and the levy of the Internal Revenue Service for said sum and seeking to interplead said funds.
This record is replete with references to appellant’s numerous efforts to forestall payment of his marital obligation to appel-lee as determined by the trial court. This scenario is but the latest ploy. We are unimpressed and fail to find any reversible error in the trial court’s order appealed from. Accordingly, that order is affirmed.
HERSEY, C.J., and ANSTEAD, J., concur.